54 313
81 558
54 313
87 150

BLACK RIVER FLOODING-DAM ASSOCIATION vs. KETCHUM and others.

*January 20 — February 7, 1882.*

PRIVATE CORPORATIONS: IMPROVEMENT OF NAVIGABLE RIVERS. *(1) Right to improve navigable stream, statutory. (2, 3) Plaintiff's rights in respect to improvement of Black river: Alleged conflict between special charter and general law.*

1. The plaintiff corporation has no right to charge tolls upon logs run or driven upon the Black river (a navigable stream), unless such right is conferred upon it by statute.

2. Chapter 86, R. S., under which the plaintiff was organized, did not affect

in any way the authority previously granted the Black River Improvement Company to improve said river throughout its whole length, and to charge tolls on logs, etc., transported therein (which grant included the right to erect flooding dams).

3. Said improvement company having taken and retained possession of at least a part of said river for the purpose of improving its navigability, the plaintiff company did not and could not thereafter take any authority, under the terms of said chapter 86, to improve *any part* of the same stream (as by its flooding dams), and charge tolls therefor.

APPEAL from the Circuit Court for *La Crosse* County.

The plaintiff appealed from a judgment in favor of the defendant. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Cameron, Losey & Bunn,* and oral argument by *Mr. Bunn.* They contended that the Black River Improvement Company is an improvement company, and nothing more. It had power to levy a tariff or toll upon logs driven down the stream after it had spent a certain sum in improvements; but it had no power to drive logs, and no franchise to collect charges or tolls for driving. Under its charter it could construct only such dams as appertain to simple improvement of the channel of the river. It had no authority to erect structures such as flooding dams, which are auxiliary to the right to drive logs, and only valuable as they are operated by a driving company in connection with other active driving operations. And it had no possession of the Black river for that purpose. Secs. 1771, 1777, R. S., authorize corporations for improvement and driving on all the streams not before occupied by corporations having power *to improve and drive.* No mere prior possession for half of this purpose excludes the corporation. The prior possession must be for the whole purpose, must cover the whole ground. The Black River Improvement Company had no possession of the stream. The stream is incapable of any possession, technically speaking. We are dealing with incorporeal rights, with franchises; and the possession spoken of in the statute does not mean a technical *pedis possessio.* It refers to a pre-

vious conflicting franchise. A prior right to make improvements on the river and charge tolls when a certain sum is invested, is not exclusive of a subsequent right to drive and improve the river, charging tolls when driving is made reasonably practicable and certain.

For the respondents there was a brief by *M. P. Wing* and *G. C. Prentiss*, and oral argument by *Mr. Prentiss*.

ORTON, J.   This suit is to enforce a lien for tolls upon the logs of the defendants, driven or run down Black river below the flooding dams of the plaintiff in the spring of 1880.   The plaintiff corporation was organized under chapter 86, R. S., and particularly under section 1777, which authorizes the corporation, when formed for the improvement of any stream and driving logs thereon, and *which shall have taken prior possession of such stream* for that purpose, to improve such stream and its tributaries, etc., by certain means and in certain ways, including "the erection of rolling and *flooding dams.*"

The purpose of the corporation, as expressed in its articles of association, is "the improvement of Black river and the driving of logs and timber thereon." The Black River Improvement Company was organized and commenced their works on said river in 1864, under a special charter granted by the legislature of that year, and was authorized "to improve the navigation of Black river and lakes near the mouth of the same, in the counties of Clark, Jackson, Trempealeau and La Crosse, by removing obstructions, *building dams*, breaking jams, deepening, widening and straightening the channel, closing up chutes and side-cuts leading from said river into the Mississippi river, and into the bottom lands of said river, and into sloughs; to erect booms and piers, to construct levees or dikes, and repair and straighten the banks of Black river;" and the company were authorized to prescribe a tariff of tolls for running logs, boards, etc., after $5,000 had been expended in the improvement.

This company, by sufficient expenditure of money in im-

proving the river, very soon became authorized to charge tolls, and has continued from time to time to improve the river at various places and in various ways, and charge tolls on all logs, timber and lumber passing down the same, since the year 1864. The plaintiff company, soon after its organization, built and constructed certain flooding dams across said river, but towards the head-waters thereof, and above the works of said improvement company, by means of which the logs and timber of the defendants were, perhaps, more easily run down said river, although coming into the river below said dams. The evidence tends to show that the plaintiff rendered no services to the said defendants in personally running, driving and handling said logs, and that they came into the main channel of the river about four miles below the lowest dam of the plaintiff.

The main question in the case is, therefore, whether the plaintiff company had a right to charge tolls on the defendants' logs so run in the said river because of their pretended improvement of it by means of their flooding dams. The right of the plaintiff to charge tolls for actually driving, or assisting in driving, logs down the river, is not contested in this case. Most of the important questions upon which the decision of this main question depends, have been decided by this court in the case of *Black River Improvement Co. v. La Crosse Booming and Transportation Co.*, and the opinion of Mr. Justice TAYLOR therein, filed herewith, will more fully examine and discuss them in the light of the authorities.[1] The decision of the same questions in this case will be, therefore, only briefly stated:

*First.* The Black river is a navigable stream, and plaintiff, as a corporation, has, therefore, no right to charge tolls upon logs run or driven thereon, unless such right is directly conferred by the state through its legislature.

*Second.* The plaintiff corporation was organized under the

---

[1] The case referred to was held on a motion for a rehearing, and will be reported as of May 10, 1882.

general law found in chapter 86, R. S., and that law does not repeal, take away or abridge the right and authority of the Black River Improvement Company; under their special charter of 1864, to improve that river throughout, and to charge tolls on logs, timber and lumber transported on the same.

*Third.* The Black River Improvement Company took possession of the entire stream, soon after its organization, for all the purposes of improving its navigability and use, and has retained such full possession for such purposes ever since.

*Fourth.* Section 1777, under which the plaintiff corporation was organized, confers no right or authority upon any corporation organized under that chapter to improve any stream, unless such corporation has taken *prior* possession of such stream. The stream is mentioned as an entirety, and the corporation must have taken prior possession of the *entire* stream. So that it makes no difference as to the right of this plaintiff, whether the improvement company were in possession of the entire stream, or in the actual possession of that particular part of it where the plaintiff's flooding dams were constructed, or not. The plaintiff company must have had the right to take possession, and must have actually taken entire possession, of the entire stream, or it has no right to improve the stream and charge tolls. It follows that the plaintiff had no right or authority to improve the Black river, or any part of it, and charge tolls on account of the same.

*Fifth.* The plaintiff's flooding dams are in their nature an improvement of the navigability and common use of the river, and, in respect to the tolls sought to be enforced upon the defendants' logs in this case, they must be treated as an improvement of the river in the meaning of the statute. It is immaterial, perhaps, for the purposes of this case, whether the Black River Improvement Company has the right under its charter to construct such flooding dams as a part of their improvements, for we have seen the plaintiff has no such right; but we think it clear, from the terms of its charter and the

amendment of 1866, it had the right to build such and similar structures if deemed necessary to aid in the improvement of the stream.

The conclusion from all of these propositions is, that the plaintiff had no right to the tolls for which this suit is brought.

I might as well, and perhaps better, have adopted the able opinion of his honor the circuit judge before whom this case was tried; but I adopted this method of announcing the mere points of our decision, following substantially that opinion, for the sake of brevity, as the more important and leading case above referred to contains the discussion of most of these questions and a citation of the authorities.

*By the Court.*— The judgment of the circuit court is affirmed.

